

**U.S. Department of Justice**
United States Attorney
Eastern District of Louisiana

---

*Nicholas Dupuy Moses*  *650 Poydras Street, Suite 1600*  *Telephone: 504-680-3132*
*Assistant United States Attorney*  *New Orleans, Louisiana 70130*  *Nicholas.Moses@usdoj.gov*

June 15, 2021

Honorable Greg G. Guidry
United States District Judge
Eastern District of Louisiana
500 Poydras Street
New Orleans, Louisiana 70130

    Re: *United States v. Great Lakes Dredge & Dock Company, LLC*
          Criminal Docket No. 21-56

Dear Judge Guidry:

    In compliance with the holding of *Bryan v. United States*, 492 F.2d 775 (5th Cir. 1974), and with Rule 11 of the Federal Rules of Criminal Procedure, the government wishes to acknowledge the following agreement between the government and Great Lakes Dredge & Dock Company, LLC, the defendant, in the above-captioned proceeding. Defendant's undersigned counsel, Michael W. Magner, has reviewed the terms of this agreement and has been advised by the defendant that the defendant fully understands the terms of this agreement.

    The government has filed a Bill of Information against the defendant, and the defendant has agreed to plead guilty to the Count 1 of the Bill of Information, charging it with violating the Clean Water Act, Title 33, United States Code, Sections 1319(c)(1)(A) and 1321(b)(3). The government has agreed that should the Court accept the defendant's plea of guilty to Count One of the Bill of Information, the government will not bring any other charges against the defendant in the Eastern District of Louisiana arising from defendant's conduct involving the Chenier Ronquille Barrier Island Restoration Project and the September 5, 2016 oil spill and its aftermath, as long as the defendant has truthfully informed law enforcement officials of the full and complete details of those crimes prior to its guilty plea in this case.

    The defendant further understands that the maximum penalty the defendant may receive should its plea of guilty be accepted is a fine of $200,000 or the greater of twice the gross gain to the defendant or twice the gross loss to any person under Title 18, United States Code, Section 3571.

Page 1 of 5

AUSA NDM
Def. Counsel
Defendant VS

It is also understood that the restitution provisions of Title 18, United States Code, Section 3663 will apply, and the defendant agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation. The defendant further acknowledges and understands that, notwithstanding any payment schedule imposed at sentencing or during probation or supervised release, restitution is due and payable in full immediately upon entry of the judgment of conviction.

Further, the defendant understands that a mandatory special assessment fee of $125 shall be imposed under the provisions of Section 3013 of Title 18, United States Code. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, and the agreement made between the government and the defendant, the government and the defendant agree and stipulate to the following plea and sentence applicable to this case:

(1) The defendant shall plead guilty to Count 1 of the Bill of Information charging it with negligent discharge under the Clean Water Act as described above. The facts constituting this violation are more thoroughly described in a mutually acceptable Factual Basis submitted herewith.

(2) It is understood that nothing within this specific agreement shall be construed to release the defendant from any possible related or consequential civil or administrative liability including administrative sanctions.

(3) The defendant further agrees to pay a criminal fine of $1,000,000, under Title 18, United States Code, Section 3571, in addition to a restitution amount to be determined by the Court at a restitution hearing. The defendant will not capitalize into inventory or take as a tax deduction, in the United States or elsewhere, any portion of the monetary payments made pursuant to this plea agreement.

(4) The defendant agrees to pay the total monetary penalty for the fine on the day of sentencing.

(5) The government agrees that it will not object to defendant's motion to transfer this matter to Section "T" of this Court where there is pending litigation in the matter of *Harvest Pipeline Company, et al vs. Great Lakes Dredge & Dock Company, et al*, Eastern District of Louisiana, Civil Action No. 2:16-16605.(5)

(6) As set forth above, the defendant must pay a total special assessment of $125 on the day of sentencing. Failure to pay this special assessment may result in the plea agreement being voided.

(7) The defendant agrees to deposit in the registry of the Court a restitution of $2,000,000, with the final amount of restitution to be determined by the Court at a restitution hearing pursuant to Title 18, United States Code, Section 3664. No more than seven days after the

AUSA
Def. Counsel
Defendant

defendant's rearraignment hearing, the government and the defendant will file a joint motion to deposit funds with the Clerk of Court in an account to hold restitution payments in advance of sentencing. If the Court grants that motion, the defendant agrees to deposit the full $2,000,000 with the Clerk of Court within seven days after the Court grants the joint motion to deposit funds.

(8)  The defendant intends to ask the Court to apportion restitution liability among multiple parties under Title 18, United States Code, Section 3664(h). The government agrees not to oppose a motion by the defendant to continue the sentencing and restitution hearing for an amount of time consistent with applicable law. Under Title 18, United States Code, Section 3664(j)(2)(A), any amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in any Federal civil proceeding.

(9)  The defendant will not be placed on organizational probation provided that, before the sentencing hearing has concluded, the defendant has fully satisfied its obligations to pay the restitution payment, fine, and special assessment in this case.

No change in name, business reorganization, bankruptcy, change in ownership or control of the defendant, merger, change in legal status, purchase of assets, or similar action shall alter or diminish the defendant's obligations under this plea agreement. The defendant further agrees that it will not engage in any business reorganization, transfer of ownership, corporate dissolution, or other business practice, including the sale or transfer of assets, in order to avoid the obligations set forth in this plea agreement.

The defendant shall comply with its Court-ordered fine and restitution payment schedules and other parts of the Court's judgment, pursuant to Title 18, United States Code, Section 3563.

Defendant understands that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291, may give a criminal defendant the right to appeal its conviction, sentence, restitution, fine, and judgment imposed by the Court. Defendant also understands that it may have the right to file collateral challenges to its conviction and sentence, and judgment, including but not limited to rights provided by Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, and writs of coram nobis and audita querela.

Acknowledging these rights, subject only to the exceptions indicated in subsection (d) below, the defendant, in exchange for the promise(s) and agreement(s) made by the United States in this plea agreement, knowingly and voluntarily:

a.  Waives and gives up any right to appeal or contest its guilty plea, conviction, sentence, fine, supervised release, and any restitution imposed by any judge under any applicable restitution statute, including but not limited to any right to appeal any rulings on pretrial motions of any kind whatsoever, as well as any aspect of its sentence, including but not limited to any and all rights which arise under Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291;

AUSA
Def. Counsel
Defendant

b. Waives and gives up any right to appeal any order, decision, or judgment arising out of or related to Title 18, United States Code, Section 3582(c)(2) imposed by any judge and further waives and gives up any right to challenge the manner in which its sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to the defendant's sentence and judgment;

c. Waives and gives up any right to challenge its sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of coram nobis and audita querela, and any other collateral challenges to its sentence of any kind; and

d. The defendant specifically does not waive, and retains the right, to bring a direct appeal of any sentence imposed in excess of the statutory maximum. The defendant also retains the right to raise a claim of ineffective assistance of counsel in an appropriate proceeding.

The defendant further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment," Title 18, United States Code, Section 3006A and the defendant acknowledges that the government's position in the instant prosecution was not vexatious, frivolous or in bad faith.

The defendant understands that any discussions with anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes. The defendant understands the Court could impose the maximum term of imprisonment and fine allowed by law, including the imposition of supervised release. The defendant is also aware that in determining a fair and just sentence, the Court has the authority and discretion, pursuant to Title 18, United States Code, Sections 3553 and 3661 and Section 1B1.3 of the United States Sentencing Guidelines, to consider any and all "relevant conduct" that the defendant was involved in, the nature and circumstances of the offenses, and the history and characteristics of the defendant.

In an effort to resolve this matter in a timely fashion and show good faith, the defendant agrees to knowingly, voluntarily, and expressly waive its rights pursuant to Rule 410(a) of the Federal Rules of Evidence upon signing this plea agreement and the factual basis. The defendant understands and agrees that in the event the defendant violates the plea agreement, withdraws its decision to plead guilty, its guilty plea is later withdrawn or otherwise set aside, any statements made by the defendant to law enforcement agents or an attorney for the prosecuting authority during plea discussions, any statements made by the defendant during any court proceeding involving the defendant's plea of guilty, including any factual bases or summaries signed by the defendant, and any leads from such statements, factual bases or summaries, shall be admissible for all purposes against the defendant in any and all criminal proceedings.

The defendant further agrees to submit to interviews whenever and wherever requested by law enforcement authorities regarding all assets currently or previously within defendant's possession. It is also understood that defendant will provide any and all financial information and

AUSA _____
Def. Counsel _____
Defendant _VS_

documentation requested by the government, agrees to voluntarily execute a complete and thorough Financial Statement of Debtor, and further agrees to provide the requested List of Items that is attached to the Financial Statement. The defendant understands this information may be provided to a representative of any victim of this offense.

The defendant recognizes that any criminal monetary penalty, whether special assessment, criminal fine, or restitution, that is owed as a result of its conviction will be immediately submitted to the Treasury Offset Program. The defendant waives any objection to its inclusion in the Treasury Offset Program.

The defendant understands that the statements set forth above and in the attached **SEALED** document (Attachment "A") represents defendant's entire agreement with the government; there are not any other agreements, letters, or notations that will affect this agreement.

Very truly yours,

DUANE A. EVANS
UNITED STATES ATTORNEY

_____ 6/2/2021
NICHOLAS D. MOSES        Date
Assistant United States Attorney

_____ 6/14/21
MICHAEL W. MAGNER   Date
Attorney for Defendant

_____ 6/3/21
VIVIENNE SCHIFFER   Date
Representative for Defendant Great
Lakes Dredge & Dock Company, LLC